Tbe plaintiff in error was arraigned in tbe police court on June 2, 1903, charged with assault and battery, alleged to bave been committed on May 28, 1903, was found guilty and sentenced to be confined for a period of six months in the work bouse and to pay a fine of one hundred dollars and costs and to stand committed until tbe costs of tbe prosecution were paid.
Tbe question as to the final jurisdiction of the police court in this case of misdemeanor is raised. That this police court formerly bad full power to finally hear and determine all eases of misdemeanor was well established by reason , of tbe special act governing the city of Columbus and creating this court (1545-100, 1545-148, Revised Statutes of Ohio, and 95 O. L., 535).
By tbe act of October 22, 1902 (96 O. L., 20), commonly known as tbe “Municipal Code,” these special acts along with many other special acts applying to other cities in the state of Ohio creating the police courts, were expressly repealed. But in the same act of October 22, 1902, and prior to the repealing clause occur these sections:
*180 “Sec. 190. In every city where a police court is now established by law, whether by general or by acts designating the city by grade, or class, or otherwise, said police court shall continue to exercise all powers and functions conferred by said general or special acts, and shall be known as the police court of the city in which the same now exists.
“Sec. 191. The police of each city as heretofore established and now existing shall have the jurisdiction conferred in any general or special act creating or governing the same, and the judge or judges and the clerk, assistant clerks, and all other officers and employes of said court, except the prosecuting attorney, shall be elected or appointed and shall continue to exercise their powers and duties in the manner provided in said existing laws.
‘ ‘ Sec. 192. All acts or parts of acts providing for such police courts, or regulating the procedure therein, including an act entitled ‘An Act to amend Section 6565 of the Revised Statutes of Ohio, passed April 10, 1902,’ shall be and remain in full force and effect.”
I am satisfied that the attempt on the part of these sections to enact by adoption and reference the various special acts would, in. the absence of other considerations, be valid. In other words, the reference to these acts is such a reference to a thing so certain and definite that under the rules of statutory construction they would be considered as embodied in the act itself.
But the question arises as to whether or not these sections, 190, 191 and 192 comply with Section 15 of Article IV of the Constitution of Ohio, which is as follows:
“The General Assembly may increase or dimmish the number of the judges of the Supreme Court, the number of the districts of the court of common pleas, the number of judges in any district, change the districts or subdivisions thereof, or establish other courts, whenever two-thirds of the members elected to each house shall concur therein, but no such change, addition or diminution shall vacate the office of any judge.”
No evidence is before the court as to the vote by which this Municipal Code was passed, and the first question to be determined, therefore, is whether this court can take judicial notice of the vote by which the said act of October 22, 1902, was passed. I find no direct authority upon this point, but it is a well established rule and most generally followed that courts *181 may, ex officio, take judicial notice of the legislative .journals which are required by law to be kept. It is provided by Section 9 of Article II of the Constitution of Ohio, that—
“Each house shall keep a correct journal of its proceedings which shall be published. * * * And, on the passage of every bill in either house, the vote shall be taken by yeas and nays, and entered upon the journal.”
In view of the fact, therefore, that the court will take judicial notice of the journal itself, and in view of the further fact that as a part of that journal the Constitution requires that the yea and nay vote shall be entered thereon, I think it clearly follows that a court may take judicial notice of the vote by which any act is passed.
The vote in the House of Representatives upon this Municipal Code was sixty-five yeas and thirty-six nays, a majority, but not a two-thirds vote. In the Senate the vote was twenty-one yeas and twelve nays, likewise a majority, but not a two-thirds vote.
The contention, however, is made that if it requires a two-thirds vote to pass an act establishing a court or confirming a jurisdiction thereon, it logically follows that it will require a two-thirds vote to repeal any such law already passed, and that, therefore, the attempted repeal in the Municipal Code is null and void. I think the plausibility of this argument, which at first might appeal to the court, passes away upon careful consideration of the Constitution. The general power of the Legislature to pass hills is prescribed in Section 9 of Article II of the Constitution, which prescribes this single limitation of “No law shall be passed in either house without the concurrence of a majority of all the members elected thereto.” With this general provision we find the exception noted in Section 15 of Article IV requiring a two-thirds vote, but this exception requires that a two-thirds vote shalll only apply to the laws changing districts or establishing courts, etc., and by no fair inference can it be assumed that this provision should be carried to the extent of applying to the repeal of any such laws. If this were the intent of the Constitution, it would have been very e^sy to have said so, and the only inference is that, not *182 having made this limitation, the court would not be justified in extending it by inference. The repeal of a bill is in fact the passage of another act, and the Legislature having the direct power to pass any act by a majority vote, provided that act does not establish courts, etc., it follows that a majority may repeal an act, although the act itself comes within the provisions of Section 15 of Article IV. State v. Wright, 7 Ohio St., 334.
The further argument is urged very strongly upon the court that it was the manifest intention of the Legislature to continue the police courts of the state of Ohio in the same manner as they had formerly existed, and that whatever error or mistake may have been made in the attempt of the Legislature to express its intent is one of oversight and misinterpretation of the Constitution or of its own powers. While it is true that it would be doing violence to what the Legislature may have expected or intended to have done, to say that they intended to abolish all the functions of the police court of the various cities and reduce them to the jurisdiction of justices of the peace, or abolish them altogether; yet this view is only sustained by individual judgment. The true test is what has the Legislature done and what has it said and what is the meaning of the languuage which it itself has used! The fact that the Legislature may have been ignorant of the rule requiring a two-thirds vote to establish courts, or was in error in regard to the construction of its own acts, is not a ground for the court to change the plain meaning of its language or to refuse to enforce the necessary result thereof. If the Legislature did not desire the repeal of the said acts, a very simple plan would have been for it to have omitted them from the repealing clauses. It preferred, however, to repeal these acts expressly and clearly, and trust to the enactments of Sections 190, 191 and 192 thereof, and having done so, it must stand or fall upon the constitutionality of those enactments. They are necessarily a nullity, and I must so hold, and by reason thereof it follows that the jurisdiction of the police court of this city exists under and by virtue of unrepealed sections, including 1785» of the Revised Statutes, which, *183 it seems, would give the said court the same jurisdiction in •criminal cases as that of justices of the peace.
It is further urged that the sentence of the police court is incomplete and void in that it fails to add the words “or secured to be paid or the offender be otherwise discharged bylaw.” While not necessary to decide this point 'in this case, I do so' because of many other eases pending herein involving the same question. The sentence of the court so far as it reads is admitted to be legal, but the question arises as to whether or not the omission of the final words have prejudiced the plaintiff or whether or not the sentence is so indefinite by reason of such omission that the prisoner could be in doubt as to the extent and nature of his sentence. I am of the opinion that there can be no doubt as to this sentence and that it is definite •enough. These words of the statute will be read into the sentence of the court and they are a part of it whether specifically repeated in the sentence or not. Any prisoner at the end of his term of imprisonment could tender security for costs or might apply, in case of his insufficiency for discharge, through the auditor, and the courts would recognize his rights to either of these remedies, whether incorporated expressly in the sentence or not. In re Moore, 14 C. C., 237.
To remand this cause for a new sentence on this ground would, therefore, give the plaintiff in error no. better rights in the premises than he now has under the present sentence. Therefore he is not prejudiced thereby, and he can not in the future be prejudiced by such omission.
The police court having, therefore, the jurisdiction of a magistrate, its power to sentence on a pica of guilty would doubtless be sustained, notwithstanding its reduced jurisdiction, by reason of Section 7146, Revised Statutes, which • confers the power on a magistrate to hear and sentence one accused of a misdemeanor on plea of guilty, where the' complaint is made by the party injured. But the circumstance attending this plea of guilty are such that I am compelled to reverse the judgment be'low.
The accused was arrested on complaint of his wife. She had counsel of her own, assisting the police prosecutor, and he like *184 wise employed counsel. Before the day of the trial the parties were reconciled, their differences adjusted and they resumed their former relations of husband and wife. Pursuant thereto and as a result of conferences of their attorneys, the accused’s counsel was, in good faith and upon reasonable grounds, led to believe and so informed his client (although erroneously) that it had been arranged with the police prosecutor that he should change his plea to “guilty” and receive a nominal fine. Thereupon, the accused withdrew his former plea of “not guilty” and in open court entered a plea of “guilty,” and the presiding judge, who was not a party to any such agreement and in ignorance thereof, imposed a fine of $100 and costs and the maximum sentence of six months’ confinement. Immediately the accused’s counsel informed the court of the foregoing facts and asked leave to withdraw the plea and plead “not guilty,” and have a trial, which motion was denied.
G. D. Sa/uiers, for plaintiff in error.
City Solicitor’s Department, for defendant in error.
Upon this state of facts it might easily be conceived that if the humane, wise and long established doctrine of law forbids defendant having doubts himself as to technical or slight which was procured or given involuntarily or by inducement, so much stronger would be the reason for the application of that rule where the confession involved the entire question of guilt or innocence.
In assault and battery cases, the defense being most generally in the nature of son assault demesne, it is not unusual that a defendants having doubts himself as to technical or slight guilt, or for other reasons, prefers a plea of “guilty” with a nominal fine to a trial.
And where in utmost good faith one is so induced to plead guilty, under an erroneous belief as to the conditions, the humanity, reason and grandeur of law is only sustained by permitting his restoration to his former position before the court.
The judgment of the police court is reversed and cause remanded, with instructions to permit withdrawal of plea and enter plea of “not guilty.”